IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOSHUA D. McENTIRE                                                PLAINTIFF

V.                               NO. 12-3106

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration        DEFENDANT

**MEMORANDUM OPINION**

     Plaintiff, Joshua D. McEntire, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

     Plaintiff filed his applications for DIB and SSI on April 14, 2009, alleging an inability to work, due to a compressed fracture in his back, arthritis in his upper back and degenerative disc in his lower back, a compressed sciatic nerve, sharp pain in his legs, and numbness in his hands. (Tr. 130-131, 137-140, 172). An administrative hearing was held on April 20, 2010, at which Plaintiff appeared with counsel and he and his wife and friend testified. (Tr. 24-74).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated November 22, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - mild degenerative disc disease of the lumbar spine with lumbago and history of compression fracture of L3. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is able to only occasionally climb, balance, stoop, kneel, crouch and crawl and perform overhead reaching. He must avoid concentrated exposure to hazards, i.e. unprotected heights and dangerous moving machinery, and engage in no driving as part of work.

(Tr. 14). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was able to perform his past relevant work as a production worker/assembler, as this work did not require the performance of work-related activities precluded by the Plaintiff's RFC. (Tr. 17). Alternatively, the ALJ found that Plaintiff could perform the job of fast food worker; counter attendant, lunchroom; production worker helper (e.g. nut and bolt assembler); and production worker (e.g. bench assembler). (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on June 13, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following arguments on appeal: 1) The ALJ erred in evaluating Plaintiff's credibility; 2) The ALJ's RFC determination is not supported by substantial evidence; and 3) The ALJ erred in failing to find Plaintiff's neck pain was a severe impairment. (Doc. 9).

#### A. Credibility Findings:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a

whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In the present case, the ALJ considered Plaintiff's daily activities, noting that Plaintiff had mild limitation in this area. The ALJ noted that in a questionnaire Plaintiff completed on April 6, 2010, he reported that he could take care of his personal needs, drive, help with household chores, and cook. (Tr. 14). In fact, a review of the questionnaire indicates that Plaintiff could drive, clean house, do laundry, make the bed, groom himself, visit relatives and friends on a weekly basis, and cook and watch children on a daily basis. (Tr. 219). The ALJ also discussed Plaintiff's allegations of pain, noting that he had been treated conservatively with pain medication, anti-inflammatories, and muscle relaxers. (Tr. 15-16). Plaintiff was also given two epidural injections, which he indicated were not helpful. (Tr. 15-16). Plaintiff also reported that he was unable to afford to go to a pain specialist or to a doctor for surgery. However, the records reflect that Plaintiff is able to afford smoking up to one pack of cigarettes per day, and on March 14, 2006, Dr. Larry Jennings, of Boston Mountain Rural Health Center, Inc., recommended Plaintiff stop smoking and offered help, and Plaintiff was not interested. (Tr. 48, 249). The Court therefore cannot say that his financial situation prevented him from receiving medical treatment. Failure of the Plaintiff to seek medical treatment strongly weighs against his subjective claims of pain and limitation and has been held to be inconsistent with allegations of pain. See Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003); Hensley v. Barnhart, 352 F.3d 353, 357 (8th Cir. 2003); Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995 (per curiam).

The ALJ also discussed Plaintiff's functional limitations. He noted that subsequent to the

hearing, he requested the state agency schedule an orthopedic evaluation for Plaintiff. Said evaluation was performed by Dr. Ted Honghiran on June 7, 2010. In his evaluation, Dr. Honghiran found that upon exam, Plaintiff demonstrated Plaintiff was able to walk fairly normally and appeared to be somewhat stiff. (Tr. 358). He further noted that the examination of the lumbosacral spine showed minimal limitation of motion of the cervical and lumbosacral spine. (Tr. 359). Plaintiff was reported as being able to flex about 45 degrees only, and had no extension in the lumbar spine. He could bend side to side 10 degrees only with pain, and straight leg raises caused pain in his back at about 60 degrees on both sides. (Tr. 359). Plaintiff had normal reflex and sensation in both arms and both legs with intact sensation. (Tr. 359). Dr. Honghiran reported that the examination of Plaintiff's hands on both sides showed early carpal tunnel syndrome in both right and left wrist with some tingling sensations along the median nerve distribution in both hands, and the examination of both feet showed normal findings. (Tr. 359). Dr. Honghiran determined that Plaintiff had a history of having multiple back injuries in the past which had left him with chronic pain and stiffness. (Tr. 359). He also found Plaintiff had no signs of neurological deficits except for the pain that he described. (Tr. 359). Dr. Honghiran concluded that with Plaintiff's 8th grade education "it will be very difficult for him to find a job that does not require physical work." (Tr. 360).

The ALJ considered Dr. Honghiran's opinion, and found that his 2010 findings were consistent with a limitation to light work. The ALJ also considered Dr. Jim Takach's Physical RFC Assessment, dated May 7, 2009, wherein he found Plaintiff was capable of performing light work with certain postural and manipulative limitations and should avoid concentrated exposure to hazards (machinery, heights, etc.). (Tr. 271-278).

AO72A
(Rev. 8/82)

Based upon the foregoing, and for those reasons given in Defendant's well-stated brief, the Court believes the ALJ properly considered the relevant factors in making a credibility determination and that there is substantial evidence to support the ALJ's credibility findings.

**B.     RFC Determination:**

RFC is the most a person can do despite that person's limitations.  20 C.F.R. §404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In this case, as stated earlier, the ALJ found that Plaintiff had the RFC to perform light work with certain postural and manipulative limitations. In making his finding, the ALJ considered the medical records, the observations of Plaintiff's treating physicians, Plaintiff's wife and friend's testimony, and Plaintiff's description of his own limitations. He discussed the medical evidence dating back to 1997, the records involving Dr. Blake Chitsey's treatment and Dr. Vowell's treatment (his treating physicians), as well as the limitations set forth by Dr. Vann

AO72A
(Rev. 8/82)

Smith. The ALJ concluded that the recommendations of Dr. Vowell in 1998 and the findings of Dr. Honghiran in 2010 were consistent with a limitation to light work, and that Dr. Smith's limitations were excessive and inconsistent with the other objective medical evidence of record. (Tr. 17). He therefore gave Dr. Smith's opinion little weight. The Court agrees. The ALJ's postural and manipulative limitations, as well as the limitation that Plaintiff should avoid concentrated exposure to hazards and engage in no driving as part of work, clearly take into consideration Plaintiff's impairments.

Based upon the foregoing, as well as for those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's RFC determination.

### C.   Severe Impairment:

Plaintiff contends the ALJ erred in not finding his neck pain was a severe impairment. An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989).

Plaintiff complained of neck pain to Dr. Larry Jennings at Boston Mountain Rural Health Center on October 9, 2001. (Tr. 319). Dr. Jennings assessed Plaintiff with chronic pain in the neck and back that waxed and waned in severity. (Tr. 319). On February 1, 2002, Dr. Jennings reported that an x-ray of Plaintiff's cervical spine did not identify any acute problems on the C-

AO72A
(Rev. 8/82)

spine. (Tr. 317). On November 1, 2004, Plaintiff was assessed with neck pain at Boston Mountain Rural Health Clinic. (Tr. 307). On September 2, 2009, Plaintiff presented himself to Dr. Chitsey complaining of neck and back pain. (Tr. 332). Dr. Chitsey reported that he talked to Plaintiff about pain management and told Plaintiff he was not going to continue to write scheduled II narcotics for him. (Tr. 332). He switched Plaintiff over to Ultram, and gave Plaintiff the option of going to a pain specialist, which he declined to do. (Tr. 332). The Court cannot say that the evidence establishes anything more than the fact that Plaintiff's neck pain had only a minimal effect on Plaintiff's ability to work.

Accordingly, the Court finds substantial evidence to support the ALJ's severe impairment findings.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 7th day of November, 2013.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)